UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| IN RE THE APPLICATION OF JORGE ANGELO MONTORO ROSAS,<br><br>Petitioner,<br><br>v.<br><br>ANA CRISTINA VELASQUEZ SAAVEDRA,<br><br>Respondent. | CASE NO.<br><br>PETITION FOR RETURN OF CHILD TO THE STATE OF HABITUAL RESIDENCE |

## I.   INTRODUCTION

1.   This petition is brought to return Petitioner's child to Peru, the child's state of habitual residence, pursuant to the Hague Convention of the Civil Aspects of International Child Abduction ("Hague Convention").[1]

2.   Both the United States and Peru are Hague Convention treaty members. *See* Declaration of Joshua R.M. Rosenberg ("Rosenberg Dec."), Ex. A, pp. 3-42.

3.   The Hague Convention has been implemented in the United States by the International Child Abduction Remedies Act ("ICARA"), 22 U.S.C. § 9001-9011.

4.   The objective of the Hague Convention is to secure "the prompt return of children wrongfully removed to or retained in any Contracting State; and to ensure that rights of custody and of access under the law of one Contracting State are effectively respected in the other Contracting State." Hague Convention, Art. 1.

---

[1] *The Hague Convention of the Civil Aspects of International Child Abduction*, opened for signature October 25, 1980, T.I.A.S. 11,670, *reprinted* in 51 Fed. Reg. 10,494 (Mar. 26, 1986) (hereinafter *Hague Convention*).

PETITION FOR RETURN OF CHILD TO PETITIONER - 1

#5446346 v2 / 99988-607

KARR TUTTLE CAMPBELL
701 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Main: (206) 223 1313
Fax: (206) 682 7100

## II. JURISDICTION

5. Both Peru and the United States are contracting states to the Convention. This Court has jurisdiction pursuant to 22 U.S.C. § 9003.

## III. STATUS OF PETITIONER AND CHILD

6. Petitioner Jorge Angelo Montoro Rosas ("Petitioner") has the right of joint custody of A.V., male aged 2 years (the "Child") within the meaning of Articles Three and Five of the Convention in that he is the natural father of the Child. Declaration of Jorge Angelo Montoro Rosas (hereinafter "Rosas Decl.") at ¶ 3.

7. Respondent, Ana Cristina Velasquez Saavedra ("Respondent") is the mother of A.V. *Id.* at ¶ 5.

8. Petitioner is Peruvian and currently lives at Calle La Rivera Asentamiento Humano Ex Fundo Marquez – Mz. 50B. LT. 2. Callao - Callao. *Id.* at ¶ 1.

9. Respondent is Peruvian and believed to currently reside at 13105 21st Dr. SE, Everett, WA 98208. *Id.* at ¶¶ 4-5.

10. Petitioner and Respondent were never married.

11. Petitioner, at the time of the wrongful removal, was actually exercising custody within the meaning of Articles Three and Five of the Hague Convention as described in the Peruvian Code of Children and Adolescents Article 81 and pursuant to Petitioner and Respondent's agreement to exercise joint custody over the Child.

12. Petitioner was located in Peru at the time he submitted an application for return of the children to the U.S. Department of State's Office of Children's Issues pursuant to the Hague Convention. Rosenberg Decl. at ¶ 4, Ex. C, pp. 48-153.

13. The Child was born in 2021. Rosas Decl. at ¶ 3. The Child is 2 years-old and will be not be 16 until 2037.

14. The Child was a habitual resident in Peru within the meaning of Article Three of the Convention immediately before the removal of the Child from Peru by Respondent. *Id.*

PETITION FOR RETURN OF CHILD TO PETITIONER - 2
#5446346 v2 / 99988-607

KARR TUTTLE CAMPBELL
701 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Main: (206) 223 1313
Fax: (206) 682 7100

### IV. WRONGFUL REMOVAL BY RESPONDENT

15. In November 2022, Respondent (Child's biological mother) wrongfully removed the Child from Peru within the meaning of Article Three of the Convention and continues to wrongfully retain the Child in the United States despite efforts on the part of Petitioner to have the Child returned. *Id*. at ¶¶ 6-7.

16. After Petitioner and Respondent separated in September 2022, the parties agreed that they would both exercise joint custody over the Child. *Id.* at ¶ 6. This agreement is evidenced by medical records, text messages, child-support payments, witness testimony, and other documentation including a travel authorization that Respondent was required to obtain before leaving Peru with the Child.

17. In or about November 2022, Respondent requested Petitioner's permission to travel with the Child to Cancun, Mexico. *Id.* at ¶ 7. Because the Child's plane ticket had a date of departure *and* a date of return, Petitioner executed a travel permit that authorized Respondent to travel with the Child for 90-days. *Id.* The Child left Peru on November 5, 2022. *Id.* Thereafter, Respondent informed Petitioner that she intended on taking the Child to visit the Child's relatives who are living in the United States. *Id.* Respondent has blocked all forms of communication between Petitioner, the Child, and Respondent. The Child is reported to be presently residing at 13105 21st Dr. SE, Everett, WA 98208. *Id.*

18. One of the main purposes of the Convention is to ensure that the abducting parent cannot choose the forum in which to litigate custody. *Holder v. Holder*, 392 F.3d 1009, 1014 (2004). In this case, Respondent, as the abducting parent, cannot choose the forum of custody litigation.

19. The Child only lives in Snohomish County in Washington State because of Respondent's illegal abduction and under the Convention, it is required that the Child be returned to his home in Peru for any and all legal proceedings.

PETITION FOR RETURN OF CHILD TO PETITIONER - 3
#5446346 v2 / 99988-607

KARR TUTTLE CAMPBELL
701 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Main: (206) 223 1313
Fax: (206) 682 7100

## V. PROVISIONAL REMEDIES

20. 22 U.S.C. § 9007 allows the Court to order provisional remedies to "protect the well-being of the child involved or to prevent the child's further removal or concealment before the final disposition of the petition."

21. Petitioner requests that the Court issue an immediate Order prohibiting the removal of his Child from the jurisdiction of this Court until the Court enters a final order in this matter.

22. Petitioner further requests that the Court issue an Order mandating the turn-over of the Respondent's passport, as well as the passport of A.V., until the Court enters a final order in this matter.

## VI. RELIEF REQUESTED

23. Petitioner requests the Child be immediately returned to Petitioner in Peru in accordance with the Convention.

24. Pursuant to Article 26 of the Convention, and 22 U.S.C. § 9007, Petitioner requests that this Court award all costs, attorneys' fees, and other expenses as a result of Respondent's wrongful removal of the Child, reserving jurisdiction over further expenses.

## VII. VERIFICATION

25. I am the attorney for Petitioner. I make this verification on behalf of the Petitioner because Petitioner is absent from this country. The above document is true of my own knowledge, except as to the matters that are stated in it on my information and belief, and, as to those matters, I believe them to be true. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

PETITION FOR RETURN OF CHILD TO PETITIONER - 4

#5446346 v2 / 99988-607

KARR TUTTLE CAMPBELL
701 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Main: (206) 223 1313
Fax: (206) 682 7100

Dated this 6th day of October, 2023.

*s/ J. Dino Vasquez*
J. Dino Vasquez, WSBA #25533

*s/ Joshua R.M. Rosenberg*
Joshua R.M. Rosenberg, WSBA #58365

**KARR TUTTLE CAMPBELL**
701 Fifth Avenue, Suite 3300
Seattle, WA 98104
Telephone: 206-223-1313
Facsimile: 206-682-7100
Email: dvasquez@karrtuttle.com
Email: jrosenberg@karrtuttle.com

*Pro Bono Attorneys for Petitioner*

PETITION FOR RETURN OF CHILD TO PETITIONER - 5
#5446346 v2 / 99988-607

KARR TUTTLE CAMPBELL
701 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Main: (206) 223 1313
Fax: (206) 682 7100